IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL E. GAY,<br><br>        *Plaintiff,*<br><br>v.<br><br>A.O. SMITH CORPORATION, *et al.*,<br><br>        *Defendants.* | Civil Action No. 2:19-cv-1311<br><br>Hon. William S. Stickman IV |

**MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

    Plaintiff Allisa D. Gay ("Plaintiff") sued Defendant DeZURIK and various manufacturers and distributors on October 8, 2019 in the Court of Common Pleas of Allegheny County, Pennsylvania and alleged that Decedent Carl E. Gay ("Decedent") developed mesothelioma from exposure to Defendant's asbestos-containing products. On October 11, 2019, Defendant General Electric Co. filed a Notice of Removal to the United States District Court for the Western District of Pennsylvania under 28 U.S.C. § 1446. Before the Court is DeZURIK's Motion for Summary Judgment. (ECF No. 870). The Court must determine whether Plaintiff has properly identified DeZURIK's product as a cause of Mr. Gay's disease and, ultimately, death. For the following reasons, DeZURIK's Motion is GRANTED.

**I.    Background**

    This case involves an alleged asbestos-related injury because of Mr. Gay's employment in the United States Navy from 1946 to 1958, the United States Air Force from 1958 to 1967, General Electric Co. from 1967 to 1974, Stone and Webster from 1974 to 1989 and from his automotive

1

work starting in the 1940s. (*See* ECF Nos. 1-1; 1-2). Mr. Gay was diagnosed with mesothelioma in June 2019. (ECF No. 1-15, ¶ 165; ECF No. 675).

Mr. Gay was deposed over nine days—November 5–7, 11–13, 21–22, 25, 2019—and identified various manufacturers, suppliers and users of asbestos products. Mr. Gay died on April 12, 2020. (ECF No. 1-15, ¶ 165; ECF No. 675). His daughter, Allisa D. Gay, was named executor of her father's estate and filed an Amended Complaint on August 13, 2020. (ECF No. 692). Allisa Gay was substituted as Plaintiff. (*Id.*).

## II.     Relevant Facts

Plaintiff alleges that Mr. Gay developed mesothelioma from exposure to Defendant's asbestos-containing products while working at various sites throughout Mr. Gay's career. Plaintiff contends Mr. Gay was exposed to asbestos products while working at the Beaver Valley Power Station, Unit One in Shippingport, Pennsylvania. (ECF No. 951, p. 1). Mr. Gay performed hydrostatic testing and inspected the construction of the Beaver Valley Power Station. (*Id.* at 1–2). DeZURIK manufactured valves used throughout the United States. Mr. Gay did not testify to seeing DeZURIK's valves at the Beaver Valley Power Station.

Plaintiff cites James Daugherty's deposition from a separate litigation. Daugherty started working at the Beaver Valley Power Station in 1978. (ECF No. 951-6, p. 5). Neither Mr. Gay nor Daugherty testified to working together. Daugherty testified, though, that he inspected the Beaver Valley Power Station and recalled seeing DeZURIK valves throughout the Beaver Valley Unit 1. (*Id.* at 28–40). Dougherty did not specify in his deposition the timeframe in which he saw DeZURIK pumps, but he recalled certain instances when he saw the pumps including 1984 and 1988. (*Id.* at 4, 5).

**III.     Standard of Review**

Summary judgment is warranted if the Court is satisfied that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986). A fact is material if it must be decided to resolve the substantive claim or defense to which the motion is directed. In other words, there is a genuine dispute of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence presented in the light most favorable to the nonmoving party. *Id.* at 255. It refrains from making credibility determinations or weighing evidence. *Id.* "Real questions about credibility, gaps in the evidence, and doubts as to the sufficiency of the movant's proof" will defeat a motion for summary judgment. *El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007).

**IV.     Applicable Law**

**A. The Court Will Apply Pennsylvania Law.**

The parties agree that Pennsylvania substantive law applies. For that reason, the Court will apply Pennsylvania law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *see also Guar. Trust Co. v. York*, 326 U.S. 99, 108 (1945).

**B. Causation Standard**

Before imposing liability on a defendant in a product liability action, Pennsylvania law requires a plaintiff to show not only that the plaintiff was exposed to a defective product manufactured or sold by the defendant but that the plaintiff's exposure was a substantial factor in causing the plaintiff's injury. *Richards v. Raymark Indus. Inc.*, 660 F. Supp. 599 (E.D. Pa. 1987); *Gregg v. V-J Auto Parts Co.*, 943 A.2d 216, 224–26 (Pa. 2007); *accord Robertson v. Allied Signal Inc.*, 914 F.2d 360, 375 (3rd Cir. 1990) (applying Pennsylvania law). The Pennsylvania Supreme

Court held in asbestos litigation that "it is appropriate for courts, at the summary judgment stage, to make a reasoned assessment concerning whether, in the light of the evidence concerning frequency, regularity, and proximity of a plaintiff's or decedent's asserted exposure, a jury would be entitled to make the necessary inference of a sufficient causal connection between defendant's product and the asserted injury." *Gregg*, 943 A.2d at 226–27 (adopting the frequency, regularity and proximity standard in asbestos cases). As a result, a plaintiff must prove he was exposed to asbestos from a defendant's product with sufficient frequency, regularity and proximity so that a jury could make the necessary inference of an adequate causal connection between that product and the asserted injury. *Id.* at 227.

As for proximity, a plaintiff cannot merely show that the product was present at the plaintiff's workplace; he must present evidence to establish that he inhaled asbestos fibers of the specific product of a manufacturer. *Kardos v. Armstrong Pumps, Inc.*, 222 A.3d 393, 399 (Pa. Super. 2019); *Gutteridge v. A.P. Green Services, Inc.*, 804 A.2d 643, 652 (Pa. Super. 2002), *appeal denied*, 829 A.2d 1158 (2003).

V.   ANALYSIS

Defendant moves for summary judgment because it contends that it is not liable for injuries caused by asbestos products because Plaintiff has not properly identified Defendant's products. (ECF No. 871, p. 2). Defendant argues that Plaintiff failed to produce sufficient evidence to satisfy her burden of showing that Mr. Gay was exposed to asbestos fibers of any product manufactured, distributed or supplied by DeZURIK. (*Id.*).

"At the heart of an asbestos case is at least product identification—that is, a plaintiff cannot triumph against a manufacturer unless he shows that the victim came across the manufacturer's product and that the product caused his injury." *Mehnert v. Agilent Techs., Inc.*, No. CV 18-893,

2020 WL 1493542 (W.D. Pa. Mar. 27, 2020) (quoting *Walker v. Blackmer Pump Co.*, 367 F. Supp. 3d 360, 372 (E.D. Pa. 2019)). Such an inquiry is "fact-intensive." *Id.*

For Plaintiff to defeat Defendant's Motion for Summary Judgment, Plaintiff must show not only that Mr. Gay was exposed to asbestos-containing products with sufficient proximity, regularity and frequency to cause his injuries but also that the asbestos products to which Plaintiff claims exposure were manufactured, distributed or sold by Defendant. *Eckenrod v. GAF Corp.*, 544 A.2d 50, 53 (Pa. Super. 1988); *see also Wilson v. A.P. Green Indus.*, 807 A.2d 922, 924 (Pa. Super. 2002) ("Ideally, a plaintiff or a witness will be able to directly testify that plaintiff breathed in asbestos fibers and that those fivers came from defendant's product."). The Court has a "duty to prevent questions from going to the jury which would require it to reach a verdict based on conjecture, surmise, guess or speculation." *Krauss v. Trane*, 104 A.3d 556, 568 (Pa. Super. 2014) (citation omitted).

### A. Plaintiff Failed to Show Mr. Gay Was Exposed to Asbestos from DeZURIK's Products.

Plaintiff has not supplied evidence that Mr. Gay worked around Defendant's products containing asbestos. Mr. Gay's affidavit states that he worked at Beaver Valley Power Station, Unit One between 1974 and 1976. (ECF No. 871-1, ¶ 22). Plaintiff also presented the testimony of James Daugherty to try to prove that DeZURIK valves were present at Beaver Valley Power Station while Mr. Gay worked there. (951-6).

Defendant recognizes that DeZURIK valves were present at the Beaver Valley Power Station, but it insists Plaintiff is unable to show that they were present when Mr. Gay worked there. For example, Plaintiff cites Daugherty's deposition from a separate litigation. (ECF Nos. 951-5; 951-6). Showing that a product was present at a workplace does not establish that a plaintiff was exposed to that product. *See Eckenrod*, 544 A.2d at 52 ("[A] plaintiff must establish more than

5

the presence of asbestos in the workplace; he must prove that he worked in the vicinity of the product's use."). Daugherty started his tenure two years after Mr. Gay left. (ECF No. 951-6, p. 5). Any instance in which Daugherty mentions he specifically saw a DeZURIK valve was well after Mr. Gay left the power station, either in 1984 or 1988. Plaintiff's evidence does not place Mr. Gay near a DeZURIK valve. Plaintiff cannot show that Mr. Gay was exposed to asbestos from DeZURIK's valves.

### B. Plaintiff Failed to Establish Mr. Gay Was Exposed to DeZURIK's Valves with Requisite Frequency, Regularity and Proximity.

Defendant highlights that, ultimately, the record shows that it may have supplied some asbestos-containing products to certain locations that Mr. Gay worked during his career, but it does not show if these products were ever used or installed, where they were used, if any maintenance was performed on them or if Mr. Gay was present during this effort. (ECF No. 975, p. 4). Defendant also argues that the facts taken in a light most favorable to Plaintiff show no more than the mere presence of its product at Mr. Gay's workplace. (*Id.*). Ultimately, Defendant argues that the evidence goes no further to show that Mr. Gay was exposed to asbestos from a DeZURIK product. (*Id.*).

The Court agrees with Defendant. A factfinder could not find for Plaintiff without making several inferential leaps. *See Liberty Lobby*, 477 U.S. at 248. Plaintiff has not proffered enough evidence to show that DeZURIK valves were a substantial factor in Mr. Gay's mesothelioma. The Court grants Defendant's Motion for Summary Judgment.

6

## VI. Conclusion

The Court finds no genuine issue of material fact exists regarding Mr. Gay's alleged exposure to asbestos from DeZURIK's products. As a result, Defendant's Motion for Summary Judgment is granted. Orders of Court will follow.

BY THE COURT:

/s/ William S. Stickman IV

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

4-27-21
Dated