IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL E. GAY,<br><br>        *Plaintiff,*<br><br>v.<br><br>A.O. SMITH CORPORATION, *et al.*,<br><br>        *Defendants.* | Civil Action No. 2:19-cv-1311<br><br>Hon. William S. Stickman IV |

## **MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

      Plaintiff Allisa D. Gay ("Plaintiff") sued Defendant Weir Valves & Controls USA Inc., d/b/a Atwood & Morrill Co., Inc. ("Atwood"), and various manufacturers and distributors on October 8, 2019 in the Court of Common Pleas of Allegheny County, Pennsylvania and alleged that Decedent Carl E. Gay ("Decedent") developed mesothelioma from exposure to Defendant's asbestos-containing products. On October 11, 2019, Defendant General Electric Co. filed a Notice of Removal to the United States District Court for the Western District of Pennsylvania under 28 U.S.C. § 1446. Before the Court is Atwood's Motion for Summary Judgment. (ECF No. 895). The Court must determine whether Plaintiff has properly identified Atwood's product as a cause of Mr. Gay's disease and, ultimately, death. For the following reasons, Atwood's Motion is granted.

      **I.**      **Background**

      This case involves an alleged asbestos-related injury because of Mr. Gay's employment in the United States Navy from 1946 to 1958, the United States Air Force from 1958 to 1967, General

1

Electric Co. from 1967 to 1974, Stone and Webster from 1974 to 1989 and from his automotive work starting in the 1940s. (*See* ECF Nos. 1-1; 1-2). Mr. Gay was diagnosed with mesothelioma in June 2019. (ECF No. 1-15, ¶ 165; ECF No. 675).

Mr. Gay was deposed over nine days—November 5–7, 11–13, 21–22, 25, 2019—and identified various manufacturers, suppliers and users of asbestos products. Mr. Gay died on April 12, 2020. (ECF No. 1-15, ¶ 165; ECF No. 675). His daughter, Allisa D. Gay, was named executor of her father's estate and filed an Amended Complaint on August 13, 2020. (ECF No. 692). Allisa Gay was substituted as Plaintiff. (*Id.*).

## II.     Relevant Facts

Plaintiff alleges that Mr. Gay developed mesothelioma from exposure to Defendant's asbestos-containing products while working at various sites throughout Mr. Gay's career. Plaintiff contends Mr. Gay was exposed to asbestos products aboard the USS Seawolf before 1959 and while employed by Stone & Webster from 1974 to 1989, where he visited several facilities, including Beaver Valley Power Station in Shippingport, Pennsylvania and Nine Mile Point Generating Station in Lycoming, New York. (ECF No. 895, p. 2; ECF No. 949, p. 1). Atwood manufactured valves used throughout the United States. Mr. Gay testified to seeing Atwood's valves aboard the USS Seawolf, but that he never saw anyone working on the valves. (ECF No. 975-2, p. 2). Mr. Gay did not testify seeing Atwood's valves at the Beaver Valley Power Station or the Nine Mile Point Generating Station. Mr. Gay performed hydrostatic testing at both power stations. (ECF No. 949-9, p. 4).

## III.    Standard of Review

Summary judgment is warranted if the Court is satisfied that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex*

*Corp. v. Cattrett*, 477 U.S. 317, 322 (1986). A fact is material if it must be decided to resolve the substantive claim or defense to which the motion is directed. In other words, there is a genuine dispute of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence presented in the light most favorable to the nonmoving party. *Id.* at 255. It refrains from making credibility determinations or weighing evidence. *Id.* "Real questions about credibility, gaps in the evidence, and doubts as to the sufficiency of the movant's proof" will defeat a motion for summary judgment. *El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007).

## IV. Applicable Law

### A. The Court Will Apply Pennsylvania Law and Maritime Law.

The parties agree that Pennsylvania substantive law applies although some of the alleged exposures occurred on a U.S. Navy submarine. Under traditional admiralty choice of law rules, a court may apply state law if it does not conflict with federal admiralty law. *See Calhoun v. Yamaha Motor Corp., U.S.A.*, 40 F.3d 622 (3d Cir. 1994); *see also Floyd v. Lykes Bros. S.S. Co.*, 844 F.2d 1044, 1046–47 (3d Cir. 1988) (courts may substitute state law with maritime law when maritime law is silent or a local matter is at issue, but a court may not apply state law where it would conflict with maritime law); *Centennial Ins. Co. v. Lithotech Sales, LLC*, 29 F. App'x. 835, 836 (3d Cir. 2002) (maritime law displaces only inconsistent state law). For these reasons, the Court will apply Pennsylvania law in evaluating Defendant's Motion for Summary Judgment for the Nine Mile Power Plant and the Beaver Valley Power Station. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *see also Guar. Trust Co. v. York*, 326 U.S. 99, 108 (1945). As for exposure aboard the USS Seawolf, the Court will apply maritime law.

B. **Causation Standard**

Before imposing liability on a defendant in a product liability action, Pennsylvania law requires a plaintiff to show not only that the plaintiff was exposed to a defective product manufactured or sold by the defendant but that the plaintiff's exposure was a substantial factor in causing the plaintiff's injury. *Richards v. Raymark Indus. Inc.*, 660 F. Supp. 599 (E.D. Pa. 1987); *Gregg v. V-J Auto Parts Co.*, 943 A.2d 216, 224–26 (Pa. 2007); *accord Robertson v. Allied Signal Inc.*, 914 F.2d 360, 375 (3rd Cir. 1990) (applying Pennsylvania law). The Pennsylvania Supreme Court held in asbestos litigation that "it is appropriate for courts, at the summary judgment stage, to make a reasoned assessment concerning whether, in the light of the evidence concerning frequency, regularity, and proximity of a plaintiff's or decedent's asserted exposure, a jury would be entitled to make the necessary inference of a sufficient causal connection between defendant's product and the asserted injury." *Gregg*, 943 A.2d at 226–27 (adopting the frequency, regularity and proximity standard in asbestos cases). As a result, a plaintiff must prove he was exposed to asbestos from a defendant's product with sufficient frequency, regularity and proximity so that a jury could make the necessary inference of an adequate causal connection between that product and the asserted injury. *Id.* at 227.

As for proximity, a plaintiff cannot merely show that the product was present at the plaintiff's workplace; he must present evidence to establish that he inhaled asbestos fibers of the specific product of a manufacturer. *Kardos v. Armstrong Pumps, Inc.*, 222 A.3d 393, 399 (Pa. Super. 2019); *Gutteridge v. A.P. Green Services, Inc.*, 804 A.2d 643, 652 (Pa. Super. 2002), *appeal denied*, 829 A.2d 1158 (2003).

V.   ANALYSIS

Defendant moves for summary judgment because Plaintiff has not properly identified Defendant's products. (ECF No. 896, p. 1). First, it contends that Plaintiff failed to produce sufficient evidence to satisfy her burden of showing that Mr. Gay was exposed to asbestos fibers of any product manufactured, distributed or supplied by Atwood. (*Id.*). Second, it argues that Plaintiff failed to produce sufficient evidence to satisfy her burden of showing that Mr. Gay was exposed to asbestos fibers of any product manufactured, distributed or supplied by Atwood on a regular, frequent or proximate basis. (*Id.* at 3).

"At the heart of an asbestos case is at least product identification—that is, a plaintiff cannot triumph against a manufacturer unless he shows that the victim came across the manufacturer's product and that the product caused his injury." *Mehnert v. Agilent Techs., Inc.*, No. CV 18-893, 2020 WL 1493542 (W.D. Pa. Mar. 27, 2020) (quoting *Walker v. Blackmer Pump Co.*, 367 F. Supp. 3d 360, 372 (E.D. Pa. 2019)). Such an inquiry is "fact-intensive." *Id.*

For Plaintiff to defeat Defendant's Motion for Summary Judgment, Plaintiff must show not only that Mr. Gay was exposed to asbestos-containing products with sufficient proximity, regularity and frequency to cause his injuries but also that the asbestos products to which Plaintiff claims exposure were manufactured, distributed or sold by Defendant. *Eckenrod v. GAF Corp.*, 544 A.2d 50, 53 (Pa. Super. 1988); *see also Wilson v. A.P. Green Indus.*, 807 A.2d 922, 924 (Pa. Super. 2002) ("Ideally, a plaintiff or a witness will be able to directly testify that plaintiff breathed in asbestos fibers and that those fivers came from defendant's product."). The Court has a "duty to prevent questions from going to the jury which would require it to reach a verdict based on conjecture, surmise, guess or speculation." *Krauss v. Trane*, 104 A.3d 556, 568 (Pa. Super. 2014) (citation omitted).

5

### A. Plaintiff Failed to Show a Genuine Issue of Material Fact About Mr. Gay's Asbestos Exposure Aboard the USS Seawolf.

In maritime asbestos cases, a plaintiff must show "a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural." *Hays v. A.W. Chesterton, Inc.*, No. 2:09–93728–ER, 2012 WL 3062224, at *1 n.1 (E.D. Pa. Apr 18, 2012) (quoting *Lindstrom v. A–C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005) (reversed by *Air & Liquid Sys. Corp. v. Devries*, 139 S. Ct. 986 (2019) on other grounds)).

Plaintiff established that Atwood valves were present aboard the USS Seawolf. In his affidavit, Mr. Gay claimed he was around Atwood valves while others worked on them. (ECF No. 949-3, ¶ 13). In his deposition, Mr. Gay said he knew Atwood valves were present aboard the submarine, but he recalled no work being done on the Atwood valves, and he did not think he was near the valves when anyone else worked on the valves. (ECF No. 975-2, p. 2). At most, Mr. Gay remembered two Atwood valves aboard the submarine. (*Id.*). A court will not automatically exclude an affidavit because it conflicts with an earlier or later deposition of the same witness. *Mehnert v. Agilent Techs., Inc.*, No. CV 18-593, 2020 WL 1493542, at *11 (W.D. Pa. Mar. 27, 2020). Defendant implores that, although Plaintiff can establish that Atwood valves were present aboard the submarine, any exposure Mr. Gay would have had to the valves was *de minimis*. (ECF No. 975, pp. 3–4). Plaintiff counters that the working quarters were incredibly tight aboard the USS Seawolf. (*See* ECF No. 949-3, ¶ 16).

Causation in maritime asbestos cases is "determined with respect to each defendant separately." *Hays*, 2012 WL 3062224, at *1 n.1. Plaintiff cannot allude to tight quarters and claim Mr. Gay must have been exposed to asbestos from Defendant's products. Plaintiff failed to show that Mr. Gay had a high level of exposure to Atwood's valves. Granting every inference to Mr. Gay, the record shows that he had *de minimis*, if any, exposure to the asbestos in the Atwood valve.

Though Plaintiff showed that the Atwood valves were present aboard the USS Seawolf, Plaintiff has not shown Mr. Gay had the requisite exposure to prove that Atwood's valves were a substantial cause for his disease. *Id.* The Court grants summary judgment for Defendant as for Mr. Gay's exposure to Atwood valves aboard the USS Seawolf.

### B. Plaintiff Failed to Establish Mr. Gay Was Exposed to Asbestos from Atwood Valves with Requisite Frequency, Regularity and Proximity at the Beaver Valley Power Station and Nine Mile Power Plant.

Plaintiff must show that Mr. Gay's injuries were caused by a product supplied by Defendant. Plaintiff is unable to show that Mr. Gay was exposed to Atwood valves with the necessary frequency, regularity and proximity. In *Howard v. A.W. Chesterton Co.*, 78 A.3d 605 (Pa. 2013), the Pennsylvania Supreme Court held that these principles apply dose-responsive diseases: (1) the "theory that each and every exposure, no matter how small" is not viable to establish a defendant's liability; (2) proof of *de minimis* exposure to a product does not establish causation; (3) an expert must make "some reasoned, individualized assessment of a plaintiff's or decedent's exposure history" to determine substantial-factor causation of the asbestos-related illness; and (4) summary judgment "is an available vehicle" for challenging *de minimis* exposure. *Howard*, 78 A.3d at 608.

Defendant highlights that, ultimately, the record shows that it may have supplied some asbestos-containing products to certain locations that Mr. Gay worked during his career, but it does not show if these products were ever used or installed, where they were used, if any maintenance was performed on them or if Mr. Gay was present during this effort. (ECF No. 975, p. 4). According to Defendant, the facts taken in a light most favorable to Plaintiff show no more than the mere presence of Defendant's product at Mr. Gay's workplace. (*Id.*). It is their position that the evidence goes no further to show that Mr. Gay was exposed to asbestos from an Atwood

7

product. (*Id.*). The Court agrees a factfinder could not find for Plaintiff without making several inferential leaps. *See Liberty Lobby*, 477 U.S. at 248.

For these reasons, the Court finds Plaintiff has not proffered enough evidence to show that Atwood valves were a substantial factor in Mr. Gay's mesothelioma. The Court grants summary judgment as for Mr. Gay's exposure at the Beaver Valley Power Station and the Nine Mile Power Plant.

## VI. Conclusion

The Court finds that a genuine issue of material fact does not exist regarding Mr. Gay's alleged exposure aboard the USS Seawolf, at the Beaver Valley Power Station or the Nine Mile Power Plant. All other potential instances of exposure to Atwood valves are precluded. As a result, Defendant's Motion for Summary Judgment is granted. Orders of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

4-27-21
Dated