IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLISA D. GAY,<br><br>   *Plaintiff,*<br><br>v.<br><br>A.O. SMITH CORPORATION, *et al.,*<br><br>   *Defendants.* | Civil Action No. 2:19-cv-1311<br><br>Hon. William S. Stickman IV |

## **MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

  Plaintiff Allisa D. Gay ("Plaintiff") sued Defendant Hunter Sales Corp. ("Hunter Sales") and various manufacturers and distributors on October 8, 2019 in the Court of Common Pleas of Allegheny County, Pennsylvania and alleged that Decedent Carl E. Gay ("Decedent") developed mesothelioma from exposure to Defendant's asbestos-containing products. On October 11, 2019, Defendant General Electric Co. filed a Notice of Removal to the United States District Court for the Western District of Pennsylvania under 28 U.S.C. § 1446. Before the Court is Hunter Sales' Motion for Summary Judgment. (ECF No. 913). The Court must determine whether Plaintiff has properly identified Hunter Sales gaskets as a cause of Mr. Gay's disease and, ultimately, death. For the following reasons, Hunter Sales' Motion is granted.

  **I.**  **Background**

  This case involves an alleged asbestos-related injury because of Mr. Gay's employment in the United States Navy from 1946 to 1958, the United States Air Force from 1958 to 1967, General Electric Co. from 1967 to 1974, Stone and Webster from 1974 to 1989 and from his automotive

work starting in the 1940s. (*See* ECF Nos. 1-1; 1-2). Mr. Gay was diagnosed with mesothelioma in June 2019. (ECF No. 1-15, ¶ 165; ECF No. 675).

Mr. Gay was deposed over nine days—November 5–7, 11–13, 21–22, 25, 2019—and identified various manufacturers, suppliers and users of asbestos products. Mr. Gay died on April 12, 2020. (ECF No. 1-15, ¶ 165; ECF No. 675). His daughter, Allisa D. Gay, was named executor of her father's estate and filed an Amended Complaint on August 13, 2020. (ECF No. 692). Allisa Gay was substituted as Plaintiff. (*Id.*).

## II.     Relevant Facts

Plaintiff alleges that Mr. Gay developed mesothelioma from exposure to Defendant's asbestos-containing products while working the Beaver Valley Power Station in Shippingport, Pennsylvania. Plaintiff alleges Mr. Gay was exposed to asbestos from gaskets produced by Hunter Sales. Hunter Sales is in the business of supply gaskets, sealing materials and other custom products. (ECF No. 914). Mr. Gay, both in his affidavit and in his deposition, did not identify working with or around any products supplied by Hunter Sales. Nor did he disclose that he ever worked around others who used Hunter Sales products. Plaintiff supplied two expert reports: one of Arnold Moore, PE and one of Frank Parker, CIH. Neither of those reports listed Hunter Sales Products.

Plaintiff showed, through other litigations, that Duquesne Light's purchase records suggested that Hunter Sales sold materials during the construction of Beaver Valley Power Station Unit 1 in 1970 and 1972. (ECF No. 956-3). Mr. Gay worked at Beaver Valley Power Station from 1974 to 1976. (ECF No. 956-1, p. 2).

### III. Standard of Review

Summary judgment is warranted if the Court is satisfied that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986). A fact is material if it must be decided to resolve the substantive claim or defense to which the motion is directed. In other words, there is a genuine dispute of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence presented in the light most favorable to the nonmoving party. *Id.* at 255. It refrains from making credibility determinations or weighing evidence. *Id.* "Real questions about credibility, gaps in the evidence, and doubts as to the sufficiency of the movant's proof" will defeat a motion for summary judgment. *El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007).

### IV. Applicable Law

#### A. Pennsylvania Law Applies

The parties agree that Pennsylvania substantive law applies. For that reason, the Court will apply Pennsylvania law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *see also Guar. Trust Co. v. York*, 326 U.S. 99, 108 (1945).

#### B. Causation Standard

Before imposing liability on a defendant in a product liability action, Pennsylvania law requires a plaintiff to show not only that the plaintiff was exposed to a defective product manufactured or sold by the defendant but that the plaintiff's exposure was a substantial factor in causing the plaintiff's injury. *Richards v. Raymark Indus. Inc.*, 660 F. Supp. 599 (E.D. Pa. 1987); *Gregg v. V-J Auto Parts Co.*, 943 A.2d 216, 224–26 (Pa. 2007); *accord Robertson v. Allied Signal Inc.*, 914 F.2d 360, 375 (3rd Cir. 1990) (applying Pennsylvania law). The Pennsylvania Supreme

Court held in asbestos litigation that "it is appropriate for courts, at the summary judgment stage, to make a reasoned assessment concerning whether, in the light of the evidence concerning frequency, regularity, and proximity of a plaintiff's or decedent's asserted exposure, a jury would be entitled to make the necessary inference of a sufficient causal connection between defendant's product and the asserted injury." *Gregg*, 943 A.2d at 226–27 (adopting the frequency, regularity and proximity standard in asbestos cases). As a result, a plaintiff must prove he was exposed to asbestos from a defendant's product with sufficient frequency, regularity and proximity so that a jury could make the necessary inference of an adequate causal connection between that product and the asserted injury. *Id.* at 227.

As for proximity, a plaintiff cannot merely show that the product was present at the plaintiff's workplace; he must present evidence to establish that he inhaled asbestos fibers of the specific product of a manufacturer. *Kardos v. Armstrong Pumps, Inc.*, 222 A.3d 393, 399 (Pa. Super. 2019); *Gutteridge v. A.P. Green Services, Inc.*, 804 A.2d 643, 652 (Pa. Super. 2002), *appeal denied*, 829 A.2d 1158 (2003).

V.     ANALYSIS

Defendant moves for summary judgment arguing that it is not liable for injuries caused by asbestos products for two reasons. First, Plaintiff failed to produce sufficient evidence to satisfy her burden of showing that Mr. Gay was exposed to asbestos fibers of any product manufactured, distributed or supplied by Hunter Sales. Second, Plaintiff failed to produce sufficient evidence to satisfy her burden of showing that Mr. Gay was exposed to asbestos fibers of any product manufactured, distributed or supplied by Hunter Sales on a regular, frequent or proximate basis.

"At the heart of an asbestos case is at least product identification—that is, a plaintiff cannot triumph against a manufacturer unless he shows that the victim came across the manufacturer's

product and that the product caused his injury." *Mehnert v. Agilent Techs., Inc.*, No. CV 18-893, 2020 WL 1493542 (W.D. Pa. Mar. 27, 2020) (quoting *Walker v. Blackmer Pump Co.*, 367 F. Supp. 3d 360, 372 (E.D. Pa. 2019)). Such an inquiry is "fact-intensive." *Id.*

For Plaintiff to defeat Defendant's Motion for Summary Judgment, Plaintiff must show not only that Mr. Gay was exposed to asbestos-containing products with sufficient proximity, regularity and frequency to cause his injuries but also that the asbestos products to which Plaintiff claims exposure were manufactured, distributed or sold by Defendant. *Eckenrod*, 544 A.2d at 53; *see also Wilson v. A.P. Green Indus.*, 807 A.2d 922, 924 (Pa. Super. 2002) ("Ideally, a plaintiff or a witness will be able to directly testify that plaintiff breathed in asbestos fibers and that those fivers came from defendant's product."). The Court has a "duty to prevent questions from going to the jury which would require it to reach a verdict based on conjecture, surmise, guess or speculation." *Krauss v. Trane*, 104 A.3d 556, 568 (Pa. Super. 2014) (citation omitted).

Defendant argues that Plaintiff's proffers are devoid of any evidence to suggest that Mr. Gay breathed a single respirable asbestos fiber from Hunter Sales. (ECF No. 972).

### A. The Invoices Produced by Plaintiff Do Not Create a Genuine Issue of Material Fact.

A plaintiff has the burden of proving that he breathed the asbestos fibers of a defendant's product. *Eckenrod*, 544 A.2d at 52. Plaintiff produced two sales invoices from Hunter Sales to Duquesne Light: one dated November 9, 1970 and one dated November 17, 1972. (ECF Nos. 972-2; 972-3). The first invoice is for the sale of one Teflon gasket at the cost of $21. (ECF No. 972-2). The invoice does not reference asbestos. The second invoice is for seventy-six small compressed asbestos gaskets and nine vellumoid gaskets for the cost of $13.76. (ECF No. 972-3). Both invoices predate Mr. Gay's tenure at the facility by a year or more. The invoices cannot establish that Mr. Gay breathed asbestos fibers from Hunter Sales' products. Merely establishing

that a defendant's product was present at the workplace cannot overcome a motion for summary judgment. *Id.* at 52. A plaintiff must show that he worked with the asbestos-containing product on a frequent, regular and proximate basis. *Id.* at 52–53.

Because Plaintiff has not met her burden to show Mr. Gay breathed respirable fibers at SM-1 facility, the Court finds that Plaintiff's claim against Hunter Sales at the SM-1 facility cannot stand.

### B. Evidence from Hunters Sales' Corporate Representative Testimony Does Not Create a Genuine Issue of Material Fact.

Plaintiff presented the testimony of Russ Hunter, a former President, from an unrelated case as evidence to show that the products Mr. Gay was exposed to contained asbestos. (ECF No. 956-4). The evidence merely establishes that Hunter Sales distributed asbestos-containing gaskets until 1997. The Court holds that the evidence does not establish that Mr. Gay was exposed to respirable asbestos fibers from Hunter Sales.

### C. The Testimony of Frank Parker, CIH, Does Not Create a Genuine Issue of Material Fact.

Plaintiff included the expert report of Frank Parker, CIH, to show that Mr. Gay was exposed to asbestos fibers from Hunter Sales products. Plaintiff tries to show that Mr. Gay could have been exposed to asbestos from gaskets before Mr. Gay's time at the Power Station. Even so, speculation cannot prove that Mr. Gay was exposed to asbestos fibers. *See Krauss*, 104 A.3d at 563. The Court holds that the testimony of Frank Parker, CIH, does not create a genuine issue of material fact.

## VI. Conclusion

The Court finds that a genuine issue of material fact does not exist in this case. As a result, Defendant's Motion for Summary Judgment (ECF No. 913) is granted. Orders of Court will follow.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

4-26-21
Dated