IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLISA D. GAY, *Plaintiff,* v. A.O. SMITH CORPORATION, *et al.*, *Defendants.* | Civil Action No. 2:19-cv-1311 Hon. William S. Stickman IV |

**MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiff Allisa D. Gay ("Plaintiff") sued Defendant Warren Pumps LLC ("Defendant") and various manufacturers and distributors on October 8, 2019 in the Court of Common Pleas of Allegheny County, Pennsylvania and alleged that Decedent Carl E. Gay ("Decedent") developed mesothelioma from exposure to Defendant's asbestos-containing products. On October 11, 2019, Defendant General Electric Co. filed a Notice of Removal to the United States District Court for the Western District of Pennsylvania under 28 U.S.C. § 1446. Before the Court is Warren Pumps' Motion for Summary Judgment. (ECF Nos. 926, 991). The Court must determine whether Plaintiff has properly identified Warren Pumps' products as a cause of Mr. Gay's disease and, ultimately, death. For the following reasons, Warren Pumps' Motion is granted.

**I.     Background**

This case involves an alleged asbestos-related injury because of Mr. Gay's employment in the U.S. Navy from 1946 to 1958, the U.S. Air Force from 1958 to 1967, General Electric Co. from 1967 to 1974, Stone and Webster from 1974 to 1989 and from his automotive work starting

1

in the 1940s. (*See* ECF Nos. 1-1, 1-2). Mr. Gay was diagnosed with mesothelioma in June 2019. (*Id.* ¶ 165; ECF No. 675).

Mr. Gay was deposed over nine days—November 5–7, 11–13, 21–22, 25, 2019—and identified various manufacturers, suppliers and users of asbestos products. Mr. Gay died on April 12, 2020. (*Id.* ¶ 165; ECF No. 675). His daughter, Allisa D. Gay, was named executor of her father's estate and filed an Amended Complaint on August 13, 2020. (ECF No. 692). Allisa Gay was substituted as Plaintiff. (*Id.*).

## II. Relevant Facts

Plaintiff alleges that Mr. Gay developed mesothelioma from exposure to Defendant's asbestos-containing products while working aboard the USS Blower, USS Blackfin and USS Guitarro. (ECF No. 938-1, ¶¶ 5, 7, 12, 13). Mr. Gay also encountered Warren products aboard the USS Seawolf.

Mr. Gay believed he was exposed to asbestos from Warren's products. (ECF No. 938-2, p. 2). On the sixth day, Mr. Gay testified about his work with Warren pumps but, admittedly, recalled little about the pumps other than that he recognized the name from his career. (ECF No. 938-3, p. 6). Mr. Gay also spoke generally about his work aboard the USS Blower. He spent about seventy-five percent of his time out at sea and part of his time in port for repairs aboard the submarine. (ECF No. 938-4, pp. 2, 5–6). Mr. Gay also visited the USS Seawolf a few times to observe its construction. (*Id.* at 7–8).

Mr. Gay's duties aboard the submarines included repacking pumps as needed. (ECF No. 938-5, p. 2). He also worked on an air conditioning unit aboard the USS Seawolf. (ECF No. 938-3, pp. 3–5).

Plaintiff offered the expert report of Arnold Moore, P.E., which summarized Mr. Gay's affidavit and provided insight into the general functioning of a submarine. (ECF No. 938-7). Plaintiff provided the testimony of Warren corporate representative, Roland Doktor. Mr. Doktor testified generally that Warren Pumps sold some asbestos-containing products to the U.S. Navy. (ECF No. 938-8).

**III. Standard of Review**

Summary judgment is warranted if the Court is satisfied that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986). A fact is material if it must be decided to resolve the substantive claim or defense to which the motion is directed. In other words, there is a genuine dispute of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence presented in the light most favorable to the nonmoving party. *Id.* at 255. It refrains from making credibility determinations or weighing evidence. *Id.* "Real questions about credibility, gaps in the evidence, and doubts as to the sufficiency of the movant's proof" will defeat a motion for summary judgment. *El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007).

**IV. Applicable Law**

**A. Maritime Law Applies**

The U.S. Constitution authorizes federal courts to hear "all Cases of admiralty and maritime Jurisdiction." U.S. Const. art. III, § 2. Relatedly, "Congress has embodied that power in a statute," *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531 (1995), conferring district courts with original jurisdiction over "[a]ny civil case of admiralty or

maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1).

A party seeking to invoke maritime jurisdiction under § 1333 in an asbestos-related claim must satisfy both a locality and a connection test. *See Conner v. Alfa Laval, Inc.*, 799 F. Supp. 2d 455, 458–59 (E.D. Pa. 2011) ("*Conner I*"). The locality test "is satisfied as long as some portion of the asbestos exposure occurred on a vessel on navigable waters." *Id.* at 466. The connection test is met if (1) the exposure "had a potentially disruptive impact on maritime commerce" and (2) "the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity." *Id.* at 463 (citation omitted).

As to the first prong of the connection test, the court in *Conner I*, 799 F. Supp. 2d at 463, held that alleged asbestos exposure has a potentially disruptive effect on maritime commerce where that exposure affects a sailor whose job it is to maintain equipment integral to the functioning of the vessel on which the sailor served. In that situation, exposure to a defective product could "potentially slow or frustrate the work being done on the vessel." *Id.* at 465 (quoting *John Crane, Inc. v. Jones*, 650 S.E.2d 851, 854 (Va. 2007)). Turning to the second prong, the court in *Conner I* found that an allegedly defective product has a substantial relationship to traditional maritime activity where the product at issue is essential for the proper functioning of the vessel. The court held that the defendant's manufacturing of the allegedly defective product is "so closely related to activity traditionally subject to admiralty law that the reasons for applying special admiralty rules would apply to the suit at hand." *Id.* at 469.

Both the locality test and the connection test are met here. Gay's alleged asbestos exposure occurred on U.S. naval vessels on navigable waters. The exposure had potentially disruptive effects on maritime commerce. Defendant manufactured products critical for the functioning of

4

the vessel. These circumstances create a substantial relationship to traditional maritime activity. *See id.* Because both tests are met, maritime law governs in this case.

## B. Causation Standard

To establish causation in a claim for asbestos-related personal injuries under maritime law, a plaintiff must show that (1) the plaintiff was exposed to the defendant's product, and (2) that the product was a substantial factor[1] in causing the plaintiff's injury. *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005) (citing *Stark v. Armstrong World Indus., Inc.*, 21 F. App'x 371, 375 (6th Cir. 2001)). "In establishing causation, a plaintiff may rely upon direct evidence (such as testimony of the plaintiff or Decedent who experienced the exposure, co-worker testimony, or eye-witness testimony) or circumstantial evidence that will support an inference that there was exposure to the defendant's product for some length of time." *Abbay v. Armstrong Int'l, Inc.*, 2012 WL 975837, at* 1 n.1 (E.D. Pa. Feb. 29, 2012) (citing *Stark*, 21 F. App'x at 376).

Minimal exposure to a defendant's product does not establish causation. Likewise, establishing that a defendant's product was merely present at a plaintiff's place of work is insufficient. *Lindstrom*, 424 F.3d at 492 (quoting *Stark*, 21 F. App'x at 376) (internal citation omitted). Instead, the plaintiff must show "a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural." *Abbay*, 2012 WL 975837, at *1 n.1 (quoting *Lindstrom*, 424 F.3d at 492). A "[t]otal failure to show that the defect

---

[1] "Maritime law incorporates traditional 'substantial factor' causation principles, and courts often look to the Restatement (Second) of Torts for a more helpful definition." *Delatte v. A.W. Chesterton Co.*, 2011 WL 11439126, at *1 n.1 (E.D. Pa. Feb. 28, 2011). The comments to the Restatement specify that the word "substantial," in this context, "denote[s] the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility." Restatement (Second) of Torts § 431 cmt. a (Am. L. Inst. 1965).

caused or contributed to the accident will foreclose as a matter of law a finding of strict products liability." *Stark*, 21 F. App'x at 376 (citations omitted).

Under maritime law, a defendant may not assert the bare-metal defense. In *Air & Liquid Systems Corp. v. Devries*, 139 S. Ct. 986, 993 (2019), the U.S. Supreme Court rejected "the more defendant-friendly bare-metal defense," which provided that "[i]f a manufacturer did not itself make, sell, or distribute the part or incorporate the part into the product, the manufacturer is not liable for harm caused by the integrated product . . . ." The Supreme Court held that a product manufacturer must warn in the context of maritime tort law "when (i) its product requires incorporation of a part, (ii) the manufacturer knows or has reason to know that the integrated product is likely to be dangerous for its intended uses, and (iii) the manufacturer has no reason to believe that the product's users will realize that danger." *Id.* at 987, 995–96.

V. ANALYSIS

Defendant moves for summary judgment because it is not liable for injuries caused by asbestos products. Warren argues that Plaintiff's evidence failed to prove that any Warren Products caused Mr. Gay's mesothelioma. (ECF No. 992, pp. 3–4). First, Plaintiff failed to produce sufficient evidence to satisfy her burden of showing that Mr. Gay was exposed to asbestos fibers of any product manufactured, distributed or supplied by Warren. Second, Plaintiff failed to produce sufficient evidence to satisfy her burden of showing that Mr. Gay was exposed to asbestos fibers of any product manufactured, distributed or supplied by Warren on a regular, frequent or proximate basis.

To succeed on either a negligence or a strict liability theory under maritime law in a products liability case, a plaintiff must establish causation. *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005). To do so, a plaintiff must show: "(1) that the plaintiff was

exposed to the defendant's product and (2) that the product was a substantial factor in causing the plaintiff's injury." *Conner v. Alfa Laval, Inc.*, 842 F. Supp. 2d 791, 797 (E.D. Pa. 2012).

A plaintiff may prove that a defendant's product was a substantial factor using either direct evidence or "circumstantial evidence that will support an inference that there was exposure to the defendant's product for some length of time." *Abbay v. Armstrong Int'l, Inc.*, Civ. A. No. 10-83248, 2012 WL 975837, at *1 n.1 (E.D. Pa. Feb. 29, 2012). A demonstration of "minimal exposure" to a defendant's product is not sufficient. *Id.* Rather, the plaintiff must show "substantial exposure" to allow a reasonable inference—based on more than conjecture—that the defendant's product was a substantial factor in causing the plaintiff's injury. *Lindstrom*, 424 F.3d at 492. "[T]he question of 'substantiality' is one of degree normally best left to the fact-finder." *Abbay*, 2012 WL 975837, at *1 n.1 (citing *Redland Soccer Club, Inc. v. Dep't of Army of U.S.*, 55 F.3d 827, 851 (3d Cir. 1995)).

Warren highlights that Plaintiff's evidence amounts to Mr. Gay simply identifying Warren in his affidavit and deposition and nothing more. He did not provide any specifics of his alleged exposure to asbestos from Warren products. Mr. Gay described his work and the work of others on Navy submarines on pumps generally. He did not testify where he saw a Warren pump and even denied working on a Warren pump. (ECF No. 926-2, p. 44–45). He also could not state whether he was near others working on a Warren pump. (*Id.*).

Warren also cites Plaintiff's record found in the National Archives regarding the presence of Warren products on the four ships on which Mr. Gay served. Plaintiff described the cramped quarters on the ship, Mr. Gay's work experience on the ships and specifically states that "he had ample opportunity for exposure to asbestos-containing materials utilized on the Warren Pumps at issue." (ECF No. 938, p. 2). The record showing the presence of a Warren product does not equate

to producing evidence that Mr. Gay was exposed to any asbestos-containing material from a Warren product.

The expert report cannot establish a factual controversy. *MacQueen v. Union Carbide Corp.*, 246 F. Supp. 3d 1004, 1014–1021 (D. Del. 2017). In *MacQueen*, the Court addressed whether an "expert affidavit" of a retired U.S. Navy captain could establish a factual controversy. The affidavit there relied on conclusions and information like that of Captain Moore's report here. The court held that the "expert affidavit" lacked a sufficient factual foundation and was therefore too speculative. *Id.* at 1018; *see also, Olivar v. Buffalo Pumps, Inc.*, No. CV 09-62577 2011 WL 13254695, at *8 (E.D. Pa. Mar. 29, 2011) (granting summary judgment for the defendant because, among other things, the plaintiff's expert report was too speculative). Warren argues Mr. Moore's report provides no evidence that Mr. Gay was exposed to asbestos from a Warren product. Because Mr. Moore's Report lacks any evidence that Mr. Gay worked on or was around another individual who was working on a Warren product, his report cannot create a genuine issue of material fact.

Warren also objects to Plaintiff's deposition of Roland Doktor. Mr. Doktor's testimony is generic and does not prove Mr. Gay was exposed to asbestos from a Warren pump, let alone on a regular, frequent and proximate basis. (ECF No. 992, pp. 3–4).

A general recollection of a product cannot overcome a motion for summary judgment. *Janis v. A.W. Chesterton, Inc.*, No. CV 17-167-MN-SRF, 2019 WL 264890, at *8 (D. Del. 2019). In *Janis*, the court granted the defendant's motion for summary judgment because the plaintiff only had a general recollection of the defendant's pumps in the U.S. Navy and could not place the product on a specific ship or provide information about how often he was exposed to asbestos from the product. *Id.* at *5. There, the plaintiff argued that the decedent handled hundreds of pumps

and worked with them closely and on a regular, daily basis. The court found this testimony insufficient to create a factual dispute as to causation because he provided no other details. *Id.*

After reviewing the motions and exhibits and considering the evidence in the light most favorable to Plaintiff, the Court finds that the evidence submitted does not raise a genuine issue of material fact as to causation for Mr. Gay's exposure to Warren Pump products aboard any of the ships on which he served. Mr. Gay provided generic recollections and was unable to speak specifically about any Warren Pumps. The evidence does not firmly place a Warren Pump product near Mr. Gay. Nor does the record establish that those products contained asbestos.

The Court finds the evidence insufficient to establish that Mr. Gay was exposed to asbestos from Warren Pump. Thus, the Court holds no genuine issue of material exists from the record presented. For these reasons, Defendant's Motion for Summary Judgment is granted.

**VI. Conclusion**

The Court finds that no genuine issue of material fact exists. As a result, Defendant's Motion for Summary Judgment is granted. Orders of Court will follow.

BY THE COURT:

_/s/ William S. Stickman_
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

6.17.21
Dated